UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE A. PORETTI,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>LANCE J. HENDRON,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-cv-00584-GMN-NJK<br><br>**ORDER REGARDING APPLICATION TO PROCEED *IN FORMA PAUPERIS***<br><br>(Docket No. 2) |

　　　　This matter is before the Court on Plaintiff Wayne Poretti's Application to Proceed I*n Forma Pauperis*. Docket No. 2. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. § 1915(a)(2).[1] His request to proceed *in forma pauperis* would ordinarily be granted pursuant to 28 U.S.C. § 1915(a).

　　　　However, Plaintiff attempts to state a claim under 42 U.S.C. § 1983, challenging whether he received effective assistance of counsel in state court. *See* Docket No. 1, at 4 ("My constitutional right to assistance of counsel was hindered . . ."). It is well settled that court-appointed defense counsel are not acting under color of law for § 1983 purposes. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) (noting that a private attorney, even one appointed by the court, does not act under the color of state

---

[1] Plaintiff is advised that he may not request relief from the court by letter. Any request for relief from the court must be filed as a motion supported by the law. The Clerk of Court and court staff are not permitted to give parties legal advice. While the court appreciates that it is difficult for an individual to represent himself in a federal case, if Plaintiff wishes to proceed he must follow the rules and must therefore familiarize himself with the Local Rules of Practice, the Federal Rules of Civil Procedure, and the substantive laws applicable to his case.

law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney). Therefore, because Plaintiff's attorney was not acting under color of state law, Plaintiff cannot state a claim against him under 42 U.S.C. § 1983.

If the court grants Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff will be required, under 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, even if his complaint is dismissed. As set forth above, the Court believes Plaintiff's claims will not survive the pleading stage. The Court will allow Plaintiff thirty days to withdraw his Application to Proceed *In Forma Pauperis*. If Plaintiff does not, the Court will grant his Application to Proceed *In Forma Pauperis*, screen Plaintiff's complaint, and order that he pay the $350 filing fee in accordance with 28 U.S.C. § 1915.

Based upon the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 2) is **HELD IN ABEYANCE**.

2. Plaintiff shall have until **July 22, 2015**, to withdraw his Application to Proceed *In Forma Pauperis*. If he does not, the court will screen the complaint pursuant to 28 U.S.C. § 1915, recommend dismissal, and order Plaintiff to pay the $350 filing fee.

Dated: June 22, 2015

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE