1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10  WAYNE A. PORRETTI,                                    )          Case No. 2:15-cv-00584-GMN-NJK
                                                                          )
                          Plaintiff(s),                       )
11                                                                    )          **ORDER AND**
    vs.                                                            )          **REPORT & RECOMMENDATION**
12                                                                    )
    LANCE J. HENDRON,                                )          (Docket Nos. 2, 7)
13                                                                    )
                          Defendant(s).                     )
14  _____)

15          This matter is before the Court on Plaintiff Wayne Porretti's Application to Proceed *In Forma*

16  *Pauperis*.  Docket No. 2.  Plaintiff is a prisoner proceeding in this action *pro se*.  This proceeding was

17  referred to this court by Local Rule IB 1-9.

18  **I.      *In Forma Pauperis* Application**

19          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and

20  costs or give security for them.  Docket No. 2.  Accordingly, the request to proceed *in forma pauperis* will

21  be granted pursuant to 28 U.S.C. § 1915(a).  Plaintiff must pay an initial partial filing fee of the greater of

22  twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his

23  account for the six months immediately preceding the commencement of this action.  *See* 28 U.S.C.

24  § 1915(b)(1).  Plaintiff's average monthly balance is $00.00, and his average monthly deposit is $00.00.

25  Therefore, Plaintiff's initial partial filing fee would be $00.02.  In light of the *de minimus* nature of the

26  initial partial filing fee, the Court will not require it to be made at this time.

27  . . .

28  . . .

1    Nonetheless, Plaintiff must make installment payments to the extent required by 28 U.S.C.

2    § 1915(b)(2).  To that end, Clark County Detention Center shall forward to the Clerk of the United States

3    District Court, District of Nevada, twenty percent of the preceding month's deposits to Plaintiff's inmate

4    trust account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid

5    for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's

6    Office.  The Clerk shall also send a copy of this Order to the attention of the inmate accounts department

7    at Clark County Detention Center, 330 South Casino Center, Las Vegas, NV 89101.

8    **II.     Screening the Complaint**

9    Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint

10   pursuant to § 1915(a).  Federal courts are given the authority to dismiss a case if the action is legally

11   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

12   from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

13   complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as

14   to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

15   cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

17   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling

18   on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A

19   properly pled complaint must provide a short and plain statement of the claim showing that the pleader is

20   entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

21   Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

22   conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.

23   662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all

24   well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal

25   conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by

26   conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not

27   crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at

28   570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by

1  lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro*
2  *se* pleadings is required after *Twombly* and *Iqbal*).

3        Plaintiff attempts to state a claim under 42 U.S.C. § 1983, challenging whether he received effective
4  assistance of counsel in state court. *See* Docket No. 1, at 4 ("My constitutional right to assistance of
5  counsel was hindered . . ."). Plaintiff has alleged these same or similar facts in a previous suit in this court,
6  which was dismissed with prejudice. *See Porretti v. Hendron*, No. 2:14-cv-02133-RCJ-VCF, 2015 WL
7  268787, at *1 (D. Nev. Jan. 20, 2015); Docket No. 1, at 6-7; Docket No. 6. It is well settled that court-
8  appointed defense counsel are not acting under color of law for § 1983 purposes. *See, e.g., Polk County*
9  *v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) (noting that a private attorney, even one appointed by the court,
10 does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional
11 role of an attorney). Therefore, because Plaintiff's attorney was not acting under color of state law, Plaintiff
12 cannot state a claim against him under 42 U.S.C. § 1983.

13 **III.**    **Conclusion**

14       The Court finds that Plaintiff cannot state a claim against him under 42 U.S.C. § 1983 and therefore
15 recommends that the Complaint be dismissed with prejudice as it is clear from the face of the complaint
16 that the deficiencies cannot be cured by amendment.

17       Accordingly,

18       **IT IS ORDERED:**

19       1.    Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 2) is **GRANTED**.
20             Plaintiff shall not be required to pre-pay the full filing fee.

21       2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of
22             prepayment of any additional fees or costs or the giving of a security therefor. This Order
23             granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas
24             at government expense.

25       3.    The Clerk of the Court shall file the Complaint.

26       4.    Pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall forward to the
27             Clerk of the United States District Court, District of Nevada, twenty percent of the
28             preceding month's deposits to Plaintiff's inmate trust account (in the months that the

1     account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The

2     Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's

3     Office.  The Clerk shall also send a copy of this Order to the attention of the inmate

4     accounts department at Clark County Detention Center, 330 South Casino Center, Las

5     Vegas, NV 89101.

6     5.     Plaintiff's second Application to Proceed *In Forma Pauperis* (Docket No. 7) is **DENIED**

7     as moot.

8     **RECOMMENDATION**

9     **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed with prejudice**

10     because Plaintiff cannot state a claim under 42 U.S.C. § 1983 and it is clear from the face of the complaint

11     that the deficiencies cannot be cured by amendment.

12

13     **NOTICE**

14     Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in**

15     **writing and filed with the Clerk of the Court within 14 days of service of this document.** The

16     Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

17     the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This

18     circuit has also held that (1) failure to file objections within the specified time and (2) failure to

19     properly address and brief the objectionable issues waives the right to appeal the District Court's order

20     and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157

21     (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

22     Dated: July 24, 2015

23

24

25     _____

26     Nancy J. Koppe
          UNITED STATES MAGISTRATE JUDGE

27

28